# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **JUANA YADIRA ESCAMILLA** <br><br> **VS.** <br><br> **2046252 ONTARIO, INC. D/B/A DS TRUCKING AND REECE GARRETT OLIVER** | **C.A. No.: 2:17-CV-00038** |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, JUANA YADIRA ESCAMILLA, Plaintiff, and files this, her Amended Complaint against 2046252 ONTARIO, INC. D/B/A DS TRUCKING and REECE GARRETT OLIVER, Defendants, and would show the Honorable Court as follows:

**I.**

**PARTIES**

1. Plaintiff, Juana Yadira Escamilla, an individual, is a resident of Eagle Pass, Texas.

2. Defendant, 2046252 ONTARIO, INC. D/B/A DS TRUCKING is a Canadian company, with its principal place of business in Missassauga, Ontario, Canada. Defendant has answered and appeared herein.

3. Defendant REECE GARRETT OLIVER, is an individual residing in Barrie, Ontario, Canada. Defendant has answered and appeared herein.

## II.

## JURISDICTION

4. This Court has diversity jurisdiction pursuant to the United States Constitution and 28 U.S.C. § 1332(a) because this suit involves a controversy between citizen of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000.00.

5. Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING is subject to jurisdiction in the State of Texas, and in the Western District, because it consented to jurisdiction by removing this action from State Court and by designating an agent under the Federal Motor Carrier Act, 49 U.S.C. § 13304. *See Ocepek v. Corporate Transport, Inc.*, 950 F.2d 556, 559 (8th Cir. 1991) (holding that New York Motor Carrier consented to jurisdiction in Missouri for Ohio accident by designating an agent under the Motor Carrier Act). Defendant filed a form BOC-3 with the Federal Motor Carrier Safety Administration making a blanket designation naming All American Agents of Process, which included designating Jeffrey Fultz as its agent in Texas.

6. Defendant REECE GARRETT OLIVER, at the time of the collision, was operating as a truck driver hauling a load in Texas.

## III.

## VENUE

7. Venue is proper in the Western District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## IV.

## FACTS

8. Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

9. Defendant hired, qualified, and retained Defendant REECE GARRETT OLIVER as a truck driver.

10. At all times relevant to this lawsuit, Defendant REECE GARRETT OLIVER was acting in the course and scope of his actual and/or statutory employment with Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING.

11. On or about February 28, 2017, Plaintiff Juana Yadira Escamilla was involved in a collision with Defendants vehicle in Eagle Pass, Texas.

12. Defendant REECE GARRETT OLIVER was operating a tractor trailer traveling east on Industrial Boulevard and passed the entrance of his destination. Defendant REECE GARRETT OLIVER then stopped and began to back-up his tractor trailer striking Plaintiff's vehicle.

13. Plaintiff was injured as a result of the February 28, 2017 collision.

14. During the trip from Canada in the days preceding the collision, the ventilation system/air conditioning in the Tractor stopped functioning resulting in significant sleep loss to Defendant REECE GARRETT OLIVER up through the date of this collision.

15. Defendant REECE GARRETT OLIVER communicated this system failure to Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING..

16. Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING, through its employees, pressured Defendant REECE GARRETT OLIVER, during the trip from Canada in the days

preceding the collision and up through the date of the collision, to falsify his logs and to violate his hours of service to speed up his delivery date.

17.     During the early morning hours on the date of the collision, Defendant REECE GARRETT OLIVER was extremely fatigued and communicated his condition to Defendant 2046242 ONTARIO, INC. D/B/A DS TRUCKING.

18.     Defendant failed to adequately train and supervise Defendant REECE GARRETT OLIVER.

19.     Defendant did not equip the tractor-trailer with a backup camera.

20.     Defendant did not equip the tractor-trailer with backup sensors.

## V.

## CAUSES OF ACTION

21.     Defendant REECE GARRETT OLIVER was negligent in the operation of the tractor-trailer.  Specifically, Defendant REECE GARRETT OLIVER failed to ensure that there was not another vehicle behind him before backing up.  Moreover, Defendant REECE GARRETT OLIVER was negligent in his decision to not continue forward and re-route so as to avoid backing up.

22.     Defendant REECE GARRETT OLIVER was negligent in backing up on a public roadway.

23.     The standard in the trucking industry is for truck drivers to "get out and look" before backing up to ensure that there is nothing behind them and it is safe to do so.

24.     Defendants were aware of the dangers of backing tractor-trailers and the many crashes, injuries, and deaths that occur in backing accidents every year.

25. Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING was aware that technology was available that could prevent many backing crashes, including backup cameras or backup sensors.

26. Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING chose not to implement any of this technology in the tractor-trailer operated by Defendant REECE GARRETT OLIVER.

27. Based on the testimony provided by Defendant REECE GARRETT OLIVER, upon information and belief, and upon the facts of this wreck, Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING failed to adequately train and supervise Defendant REECE GARRETT OLIVER.

28. As a direct and proximate result of the negligence of Defendants, Plaintiff sustained personal injuries.

29. Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING is vicariously liable for the negligence of Defendant REECE GARRETT OLIVER under the statutory employment doctrine as well as the doctrine of respondeat superior.

30. Based on the testimony provided by Defendant REECE GARRETT OLIVER, upon information and belief, and upon the facts of this wreck, Defendant REECE GARRETT OLIVER was fatigued and/or may have been driving in violation of the hours-of-service regulations.

31. Based on the testimony provided by Defendant REECE GARRETT OLIVER, upon information and belief, and upon the facts of this wreck, it further appears that Defendant 2046252 ONTARIO, INC. D/B/A DS TRUCKING may have been negligent in its entrustment of a tractor-trailer to Defendant REECE GARRETT OLIVER, and in the qualification, hiring and retention of Defendant REECE GARRETT OLIVER.

32. Based on the testimony provided by Defendant REECE GARRETT OLIVER, as outlined above, upon information and belief, and upon the facts of this wreck, it further appears that Defendants 2046252 ONTARIO, INC. D/B/A DS TRUCKING and Defendant REECE GARRETT OLIVER were guilty of gross negligence in this case.

## VI.

## DAMAGES

33. Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

   a. Medical care, past and future;

   b. Lost wages and earning capacity, past and future;

   c. Physical impairment, past and future;

   d. Physical pain, emotional distress, and mental anguish, past and future; and

   e. Disfigurement, past and future.

34. Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed $1,000,000.00.

35. Plaintiff also seeks the award of exemplary damages due to the grossly negligent conduct of Defendants.

## VII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter judgment for Plaintiff for actual damages, together with prejudgment interest, postjudgment interest, exemplary damages and court costs.

                                  Respectfully submitted,

                                  */s/ Victor I. Cerda*
                                  Victor I. Cerda
                                  Texas Bar No. 04047050
                                  Michael R. Cowen
                                  Texas Bar No.  00795306
                                  COWEN | RODRIGUEZ | PEACOCK
                                  6243 IH 10 W, Suite 801
                                  San Antonio, Texas 78201
                                  Telephone: (210) 941-1301
                                  Facsimile: (956) 504-3674
                                  Email: efilings@cowenlaw.com


## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been delivered, in the required manner, to all counsel of record in accordance with Federal Rules of Civil Procedure on **May 14, 2018:**

*Via E-Service*
Robert A. Valadez
David Jones
Shelton & Valadez, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205

                                  */s/ Victor I. Cerda*
                                  Victor I. Cerda